IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

vs.                                            Civ. No. 16-438 KG/GJF

ALMA HELENA CORTES and A.C., a
Minor Child,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff The Guardian Life Insurance Company of America's Combined Motion to Appoint Guardian Ad Litem, for Leave to Deposit Interpleader Funds, and for Dismissal with Prejudice (Motion), filed on October 3, 2016. (Doc. 8). Plaintiff also sought in the Motion an award of $2,000.00 for attorneys' fees and costs incurred in bringing this interpleader lawsuit, and requested that the award be deducted from the $38,000.00 basic life insurance Benefit at issue in this case.

The Court subsequently held a telephonic status hearing on November 10, 2016, at which the Court extended the time for *pro se* Defendant Alma Helena Cortes (Cortes) to respond to the Motion to November 28, 2016. (Doc. 14) at 2. The Court also required Plaintiff to file a supplemental brief to address the issue of attorney's fees and costs, including an appropriate affidavit and breakdown of the requested attorney's fees and costs. *Id.* at 1.

On November 15, 2016, the Court granted the Motion, in part, when it appointed a guardian *ad litem* for Defendant A. C., Cortes' child. (Doc. 15). Then, on December 2, 2016, Plaintiff filed Defendant [sic] the Guardian Life Insurance Company of America's Supplemental

Briefing in Support of its Request to Recover Reasonable Attorneys' Fees and Costs (Supplemental Brief) in which Plaintiff now seeks $7,064.25 in attorneys' fees and costs. The new requested award is just under 20% of the Benefit. (Doc. 16) at ¶ 6. Cortes has not responded to either the Motion or the Supplemental Brief. Having reviewed the Motion and the Supplemental Brief, the Court will grant the Motion, in part, as described herein.

*A. Background*

Plaintiff seeks to interplead and deposit with the Court registry the basic life insurance Benefit of $38,000.00 which became payable under a policy Plaintiff issued to insure the life of Ryan Edemann, now deceased. (Doc. 16) at 1; (Doc. 1) at 1, and ¶¶ 6-7. Plaintiff contends that the insured named both Cortes and A.C. as primary beneficiaries under the policy. (Doc. 1) at ¶ 8. Plaintiff further contends that, although Cortes and A.C. are named primary beneficiaries, the policy designates Cortes as receiving "100%" of the benefit. *Id.* Cortes has since made a claim to the Benefit. *Id.* at ¶ 9. Plaintiff asserts that it "is an innocent and disinterested stakeholder" of the Benefit and that it "is unable to determine who is entitled to the Benefit without incurring the risk of being subject to costs and expenses in defending itself in multiple suits or the possibility of multiple payments for the amount due." *Id.* at ¶¶ 12 and 15.

*B. The Remainder of the Motion Before the Court*

Plaintiff moves the Court under Fed. R. Civ. P. 22 to (1) permit Plaintiff to deposit the Benefit, plus any applicable interest, into the Court's registry within 30 days of the date of the entry of this Memorandum Opinion and Order, (2) permanently enjoin Defendants and all other claimants from asserting claims against Plaintiff related to the Benefit, (3) discharge Plaintiff "from any and all liability with respect to the Benefit," (4) dismiss Plaintiff from this action with prejudice, (5) order Defendants to present their claims to the Benefit, and (6) award Plaintiff

reasonable attorney's fees and costs incurred in bringing this interpleader action, which would be deducted from the interpleaded Benefit. (Doc. 8) at 1-2.

C. *Discussion*

*1. Whether the Court Should Order Plaintiff to Deposit the Benefit into the Court's Registry, Enter a Permanent Injunction, Discharge Plaintiff from Liability, Dismiss Plaintiff with Prejudice, and Order Defendants to Present Claims to the Benefit*

Interpleader is a statutory remedy that offers "a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." The Late Charles Alan Wright, *et al.*, 7 *Fed. Prac. & Proc. Civ.* § 1704 (3d ed.). The Court is empowered in an interpleader action to enjoin claimants to a fund or property from "instituting or prosecuting any proceeding in any State or United States court affecting the property ... involved in the interpleader action." 28 U.S.C. § 2361. The Court "may then discharge the interpleader plaintiff of any further liability and make the injunction permanent, thereby allowing the interpleader plaintiff to withdraw and leaving the interpleader defendants to prosecute their competing claims to the disputed property among themselves." *In re Millennium Multiple Employer Welfare Ben. Plan*, 772 F.3d 634, 639 (10th Cir. 2014) (citing Section 2361).

Pursuant to the above well-established law and the undisputed allegations in the complaint, the Court will order Plaintiff to deposit the Benefit, plus any applicable interest, into the Court's registry within 30 days of the date of the entry of this Memorandum Opinion and Order. Moreover, upon written confirmation that Plaintiff has deposited the Benefit into the Court's registry, the Court will (1) permanently enjoin Defendants and all other claimants from asserting claims against Plaintiff related to the Benefit, (2) discharge Plaintiff "from any and all

liability with respect to the Benefit," (3) dismiss Plaintiff from this action with prejudice, and (4) order Defendants to present their claims to the Benefit.

    *2. Whether the Court Should Grant Plaintiff's Request for an Award of Attorneys' Fees and Costs*

The remaining issue then is whether to grant Plaintiff's request for an award of attorneys' fees and costs for bringing this interpleader action, the amount of which would be deducted from the Benefit. The Tenth Circuit Court of Appeals "has recognized the 'common practice' of reimbursing an interpleader plaintiff's litigation costs out of the fund on deposit with the court." *Transamerica Premier Ins. Co. v. Growney,* 1995 WL 675368, at *1 (10th Cir.) (quoting *U.S. Fid. & Guar. Co. v. Sidwell,* 525 F.2d 472, 475 (10th Cir.1975)). The Tenth Circuit has also recognized that "[t]he award of fees and costs to an interpleader plaintiff, or 'stakeholder,' is an equitable matter that lies within the discretion of the trial court." *Id.* at *1 (citing *Chase Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n (In re Mandalay Shores Coop., Hous. Ass'n),* 21 F.3d 380, 382-83 (11th Cir.1994); *Abex Corp. v. Ski's Enters.,* 748 F.2d 513, 516 (9th Cir.1984)). On the other hand, "a number of courts have held that attorneys fees [and costs] should not be awarded to an insurance company in an interpleader action where the claims to the fund are of the type that arise in the ordinary course of business and are not difficult to resolve." *Prudential Prop. & Cas. Co. v. Baton Rouge Bank & Trust Co.,* 537 F.Supp. 1147, 1150 (M.D. Ga.1982). *See also Guardian Life Ins. Co. of Am. v. Church of Jesus Christ of Latter-Day Saints*, 2016 WL 4734591, at *4 (D. Utah) (listing insurance interpleader cases in which courts denied fee awards to insurers); *Allstate Life Ins. Co. v. Shaw*, 2016 WL 1640461, at *5 (E.D. Mich.) (listing insurance interpleader cases in which "courts have acknowledged an exception to the allowance of interpleader fee and cost awards."). *But see N.Y. Life Ins. Co. v. Miller,* 139 F.2d 657, 658 (8th Cir. 1944) ("If the [insurance company] had brought an independent suit in

interpleader, it would have been entitled to an allowance for attorneys' fees to be determined by the District Court and paid out of the fund in Court."); *Tower Life Ins. Co. v. Tucker*, 557 F. Supp. 2d 1287, 1289–92 (D.N.M. 2007) (rejecting argument that insurers should not be allowed attorney's fees and costs in interpleader actions).

The courts which have determined not to award attorney's fees and costs to insurers in interpleader actions have done so for several sound reasons.  The District Court for the Eastern District of Michigan summarized some of those reasons as follows:

> "First, courts have found...that insurance companies should not be compensated merely because conflicting claims to the proceeds have arisen during the normal course of business." [*Unum Life Ins. Co. of Am. v.] Kelling*, 170 F. Supp. 2d [792] at 794 [(M.D. Tenn. 2001)] (citing *Thomas*, 735 F. Supp. at 732 ; *Prudential v. Baton Rouge*, 537 F. Supp. 1147, 1150-51 (M.D. Ga. 1982); *Minnesota Mut. Life Ins. Co. v. Gustafson*, 415 F. Supp. 615, 617-19 (N.D. Ill. 1976)).  Second, courts have declined to follow the general rule where the stakeholder is an insurance company, reasoning that "insurance companies, by definition, are interested stakeholders and that filing of the interpleader action immunizes the company from further liability under the contested policy."  *Id*. (citing *Prudential*, 537 F. Supp. at 1150-51; *Western Life Ins. Co. v Nanney*, 290 F. Supp. 687, 688 (E.D. Tenn. 1968); *Cogan v. United States*, 659 F. Supp. 353, 354 (S.D. Miss. 1987)).  Lastly, "some courts have exempted insurance companies from the general rule based on the policy argument that such an award senselessly deplete the fund that is the subject of the preservation through the interpleader." *Id*. at 795 (citing *Paul Revere Life Ins. Co. v. Riddle*, 222 F. Supp. 867, 868 (E.D. Tenn. 1963); *Metro. Life Ins. Co. v. Jordan*, 221 F. Supp. 842, 844 (W.D.N.C. 1963); *Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 556 (8th Cir. 1940); *Trustees of Directors Guild of Am. Producer Pension Benefit Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000)).

*Allstate Life Ins. Co.*, 2016 WL 1640461, at *6.  Moreover, as the District Court for the District of Kansas explained, "some courts have denied insurance company stakeholders their fees and costs 'because they satisfy a self interest in not paying the wrong beneficiary by filing an interpleader.'"  *Aetna U.S. Healthcare v. Higgs*, 962 F. Supp. 1412, 1414 (D. Kan. 1997) (citation omitted).  In concluding not to award an insurer attorney's fees and costs, the Kansas District Court noted that the insurer "is not merely a bystander; rather, it is in the business of distributing proceeds from insurance policies.  The court does not believe that [the insurer]

5

should be permitted to shift the cost of distributing the proceeds in this case to someone else." *Id.* at 1414.  The Court sees no reason to depart from the above persuasive and well-reasoned analyses.

Here, Plaintiff has not indicated in either the Motion or its Supplemental Brief that it "is anything other than an insurance company in a routine dispute over the proceeds of a life insurance plan." *Life Inv'rs Ins. Co. of Am. v. Childs*, 209 F. Supp. 2d 1255, 1256 (M.D. Ala. 2002) (searched record, without success, for explanation why insurer "would not expect this type of dispute to arise with some regularity in its course of business.").  In addition, resolving the dispute in this case does not depend on determining complex or difficult legal or factual issues.  The Court concludes that the claims to the Benefit are the type of claims that arise in the ordinary course of Plaintiff's insurance business and are not particularly difficult to decide.

Furthermore, in describing the rationale for awarding litigation expenses to an interpleader plaintiff, the Tenth Circuit has indicated that the award is "typically" a "minor expense" which claimants to the interpleaded fund "should be able to cover" from the fund.[1] *Transamerica Premier Ins. Co.*, 1995 WL 675368, at *1.  Along that line, the Eleventh Circuit explained that a justification for awarding attorney's fees in interpleader action includes that "fees for the stakeholder typically are quite minor and therefore do not greatly diminish the value of the asset." *In re Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994).  In this case, however, the requested attorneys' fees and costs award of just under 20% of the Benefit is not "minor" and would significantly reduce the Benefit.  Other courts have found

---

[1] Specifically, the Tenth Circuit stated: "The rationale for the award is that the plaintiff has, at its own expense, facilitated the efficient resolution of a dispute in which it has no interest (other than avoiding liability for an erroneous distribution of the stake), to the benefit of the competing claimants-the true disputants-who should be able to cover the typically minor expense involved out of the fund distributed to them." *Transamerica Premier Ins. Co. v. Growney*, 1995 WL 675368, at *1 (10th Cir.).

that awards of attorney's fees and costs substantially less than 20% of the interpleaded fund would greatly diminish the fund and would, therefore, not justify an award of attorney's fees and costs.  *See, e.g.*, *Bush v. Teachers Ins. & Annuity Ass'n of Am.*, 2008 WL 1776684, at *3 (M.D. Ala.) ("Thus, TIAA–CREF is seeking approximately 9.5 percent of the total value of the asset, which would greatly diminish its value."); *Unum Life In. Co. of Am. v. Kaleo,* 2006 WL 1517257, at *3 (M.D. Fla.) (finding award of $6,698 from a $40,000 fund, or about 17% of the fund, would "greatly diminish the value of the asset."); *Life Inv'rs Ins. Co. of Am.*, 209 F. Supp. 2d at 1256 (finding attorney's fees amounting to "over two percent of the total stake" not "quite minor").  *Cf. Primerica Life Ins. Co. v. Walden,* 170 F.Supp.2d 1195, 1199-1200 (S.D. Ala.2001) (finding less than one percent of total stake reasonable.).  Because Plaintiff's requested award of attorneys' fees and costs is not a minor expense and would greatly diminish the Benefit, the requested award amount does not support an award of such attorneys' fees and costs.

In sum, the Court understands the difficulties and added expenses in litigating against a *pro se* defendant, like Cortes.  The Court, nonetheless, finds that it would be inequitable to deduct those expenses from the Benefit.  Plaintiff, as an insurer, is in a better position to absorb and pass on those costs as necessary and foreseeable costs of doing business.  Hence, the Court denies Plaintiff's request for an award of attorneys' fees and costs.

IT IS ORDERED that Guardian Life Insurance Company of America's Combined Motion to Appoint Guardian Ad Litem, for Leave to Deposit Interpleader Funds, and for Dismissal with Prejudice (Doc. 8) in granted, in part, in that

1. within 30 days of the entry of this Memorandum Opinion and Order, Plaintiff must pay the Clerk of the Court the amount of the Benefit at issue, $38,000.00, plus any applicable interest, for deposit into the Court's registry;

2. in accordance with Fed. R. Civ. P. 67, the Clerk of the Court is authorized and directed to accept the interpleaded funds for deposit in an interest bearing account until further order of the Court;

3. Plaintiff must immediately notify the Court, in writing, when it has placed the Benefit, plus any applicable interest, into the Court's registry, at which time the Court will enter (a) a permanent injunction enjoining and restraining any claimant to the Benefit from instituting or prosecuting any proceeding in any State or United States court against Plaintiff related to the Benefit, (b) an order discharging Plaintiff from liability in connection with, or relating to, the payment of the Benefit, (c) dismissing Plaintiff from this lawsuit with prejudice, and (d) an order directing Defendants to assert their claims to the Benefit as provided by the Federal Rules of Civil Procedure and the Local Rules; and

4. Plaintiff's request for an award of attorney's fees and costs is denied.

_____
UNITED STATES DISTRICT JUDGE